[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On Friday November 27, 1998, the plaintiff was injured when, while shopping in the defendant's Manchester, Connecticut store, an employee negligently caused a box to fall from a display shelf onto the plaintiff, striking her in the head. The box, which contained a plastic CT Page 1847 doll house, weighed fifteen pounds. Contributory negligence is not a factor and the sole proximate cause of the plaintiff's injuries was the negligence of the defendant's employee.
Upon impact, the plaintiff felt pain and a tingling sensation radiating to her legs. Although shaken and weak-kneed, she was able to grab onto a shelf and keep from falling.
After going to the store office to make a report, she returned home. That evening she and her husband went to a music performance but left early because she was in discomfort. On Monday the plaintiff, a registered nurse, employed by a medical group, went to work but was still with neck pain. She made an appointment with Dr. Thomas Stevens, an orthopedic surgeon for December 4th. Dr. Stevens' diagnosis was cervical strain with pain at the base of her neck and neck spasms. He recommended over the counter anti-inflammatories and heat application.
On her next visit of January 20, 1999, the pain and spasms persisted, and Dr. Stevens recommended continuing the conservative regime but, also the use of a home traction kit and not to sleep on a waterbed, (which the plaintiff had done for approximately eighteen years) because a waterbed does not provide adequate support for someone with a back problem. He also prescribed a course of professional physical therapy for four weeks at two times a week. The physical therapy provided some temporary relief, but the pain would come back and, as time went on, became, in general, progressively worse.
Eventually Dr. Stevens concluded that she has a 3% permanent partial disability to her neck resulting from the injury. His opinion is based on his clinical experience over many years. He explained that the American Medical Association guidelines are not appropriate when the symptomology is only pain as they are focused on range of motion limitations.
The Court concludes from the medical reports and the testimony of Ms. Ratti, that she will have a permanent partial impairment. Ms. Ratti testified that she has been in pain since the accident, now longer than three years. She credibly described the impact on her life which includes waking up during the night because of discomfort, pain or discomfort at work, while driving, turning her head, doing household chores such as ironing, hanging clothes on the line, opening the garage door, playing basketball with her daughter or catching a baseball with her son. Also, any activities which require her to lift her arms regularly cause pain. She takes an over the counter pain reliever such as Tylenol, Aleve, or the like, almost daily. Her life expectancy is 37.6 years.
The defendant asks the Court to consider, in assessing her claims, that CT Page 1848 Dr. Stevens is the father-in-law of one of the doctors for whom the plaintiff works; that his permanency rating is not based on American Medical Association guidelines; and that the evidence does not support the extent of the injury claimed by Ratti.
The latter two arguments are previously discussed, and as for the suggestion that Dr. Stevens may not be objective that is not tenable. Ratti tried to get appointments with two other orthopedic doctors but could not within a reasonable time. The disability rating Dr. Stevens provided was minimal, which tends to refute a claim of favoritism. Simply, there was no evidence from which such an inference could reasonably be made.
Accordingly, the Court awards damages to the plaintiff as follows:
Economic Damages $7,631.65
Non Economic Damages 20,000.00
Total $27,631.65
Judgment shall enter for the plaintiff in the amount of $27,631.65 (plus costs), ten days from the date of this decision unless a request for a collateral source hearing is made prior. (See Practice Book § 16-35.)
Klaczak, J.